UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 15-1129 JGB (KKx)** | Date | August 5, 2015 |
|---|---|---|---|
| Title | *Michael Harry v. United States of America* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Order: (1) GRANTING IN PART Defendant's Motion to Dismiss (Doc. No. 9); (2) DISMISSING the Complaint WITH LEAVE TO AMEND; and (3) VACATING the August 10, 2015 Hearing (IN CHAMBERS)**

Before the Court is Defendant's Motion to Dismiss.  (Doc. No. 9.)  The Court finds this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15.  After considering the papers timely filed in support of and in opposition to the Motion, the Court GRANTS IN PART Defendant's Motion and VACATES the August 10, 2015 hearing.

## I.   BACKGROUND

On April 20, 2013, Plaintiff Michael Harry went to Moreno Valley Family Health Center with a sore throat.  (Compl., Doc. No. 1-1, ¶ 7.)  He was diagnosed with a strep infection and given an injection of Rocefin administered by Jessica Sagrero, a medical assistant.  (Id.)  Plaintiff immediately felt a sharp pain radiate through his right hip and leg.  (Id.)  Because the pain would not go away, Plaintiff sought additional medical treatment and was advised that his sciatic nerve may have been damaged.  (Id.)

On July 1, 2014 Plaintiff filed a medical malpractice Complaint in the California Superior Court, County of Riverside.  (Compl. at 1)  Believing Moreno Valley Family Health Center to be a private hospital, Plaintiff initially brought his complaint against Sagrero and Community Health Services, Inc. ("CHS"). [1]  (Opp'n at 3.)

---

[1] CHS does business as "Moreno Valley Family Health Center."  (See Compl. at 1.)

However, on October 9, 2014, Plaintiff's counsel received a letter from CHS informing Plaintiff that CHS and its employees were federal employees for the purposes of medical malpractice claims. ("CHS Letter," Doc. No. 10-1.) Based on this, Plaintiff submitted a Federal Tort Claims Act ("FTCA") claim with the U.S. Department of Health and Human Services ("DHHS") on December 22, 2014. (Opp'n at 3.) To date, Plaintiff has not received a final disposition of his claim from the DHHS. (Id.) As such, Plaintiff is now deemed to have exhausted his administrative remedies. See 28 U.S.C. § 2675(a) (agency's failure to make a final disposition of a claim within 6 months after it is filed may be treated as a final denial of the claims.)

Sagrero and CHS removed the action to this Court on June 10, 2015. (Not. of Removal, Doc. No. 1.) On June 17, 2015, the Court substituted the United States of America ("Defendant") in place of Sagrero and CHS, since these two were deemed to have been federal employees. (Doc. No. 8, citing 42 U.S.C. §233(g) (describing which entities may be deemed Public Health Service employees).)

On July 1, 2015, Defendant filed a Motion to Dismiss. ("Motion," Doc. No. 9.) Defendant contends that Plaintiff had not exhausted his administrative remedies at the time he filed his Complaint. Plaintiff opposed on July 20, 2015. ("Opp'n," Doc. No. 10.) Plaintiff does not dispute Defendant's contention, but points out that he has now exhausted his administrative remedies, and argues that dismissing his suit would not be appropriate given the facts here. Defendant replied on July 27, 2015. ("Reply," Doc. No. 12.)

## II.     LEGAL STANDARD

Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over its claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

## III.     DISCUSSION

The FTCA "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." McNeil v. United States, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)). Defendant contends subject matter jurisdiction is lacking here because Plaintiff did not exhaust his administrative remedies before filing this lawsuit. Defendant asks the Court to dismiss Plaintiff's case entirely, after which Plaintiff could re-file a new suit. Instead, the Court will dismiss the Complaint but allow Plaintiff leave to amend so as to assert that he has now complied with the FTCA's exhaustion requirements; the amended complaint will be construed as a newly instituted action under the FTCA, thereby allowing the Court to exercise jurisdiction over the case.

In general, "a premature 'complaint cannot be cured through amendment, but instead, plaintiff must file a new suit.'" Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. 1999) (quoting Sparrow v. United States Postal Service, 825 F. Supp. 252, 255 (E.D. Cal. 1993)). However, as with most general rules, the court has discretion to allow exceptions. E.g., Duplan, 188 F.3d at 1199-1200 (allowing exception where parties agreed to treat the filing of an amended complaint as institution of new suit); McNeil, 508 U.S. at 110 n. 5, 113 n. 9 (implying that new action may in certain circumstances be instituted by document other than new complaint); Filaski v. United States, 776 F. Supp. 115, 118 (E.D.N.Y. 1991) (granting motion to dismiss for lack of subject matter jurisdiction but allowing plaintiff to serve amended complaint "and thereby restore the action").

The Court finds that the facts of this case warrant an exception. Dismissing Plaintiff's suit (1) would not serve the objective of the exhaustion requirement and (2) would potentially prejudice Plaintiff.

First, the purpose of the administrative exhaustion rule is to avoid imposing an unnecessary burden on the judicial system. See Duplan, 188 F.3d at 1999(citing McNeil v. United States, 508 U.S. 106, 112.) In most FTCA cases where courts have not allowed a plaintiff to cure a premature FTCA complaint through amending the complaint, the defendant's status as a federal entity was readily apparent. See, e.g., McNeil, 508 U.S. 106 (plaintiff was a prisoner injured by prison staff), Sparrow, 825 F. Supp. 252 (plaintiff was hit on the head by a USPS sign). In run-of-the-mill FTCA cases, like those above, allowing the plaintiff to cure the jurisdictional defect by amending the complaint would neuter the exhaustion requirement – if plaintiffs were routinely excused from exhausting their administrative remedies, there would be no reason for plaintiffs to continue to comply with the rule. In this case, however, Plaintiff had no reason to suspect that CHS was a federal entity and not a private corporation (as its name would imply) or that Sagrero was a federal employee.[2] Once Plaintiff realized the truth, he immediately initiated an administrative complaint. Given these circumstances, the exhaustion rule's purpose would not be served by a dismissal of Plaintiff's case.

Moreover, requiring Plaintiff to file a new, independent complaint may prejudice him if he later wishes to allege claims against any non-federal defendants. The statute of limitations for any claims against these defendants has likely run. See Cal. Code. Civ. Proc. § 340.5 (statute of limitations for medical malpractice claim is one year from the discovery of the injury). Forcing Plaintiff to file a new complaint would likely bar him from asserting any potential claims against non-federal defendants. The Court sees no reason to risk that, especially given that it was unclear that CHS was a federal entity.

Finally, Defendant has not provided any reasons it might be prejudiced if the Court grants leave to amend. Regardless of whether the Court dismissed the suit or merely dismissed with leave to amend, Defendant will have to expend the resources to assume the defense against Plaintiff's claim as Plaintiff has, at this point, fulfilled the exhaustion requirement.

---

[2] In fact, CHS itself explained in a letter to Plaintiff that "many attorneys are unaware of the fact that certain Health Centers (in this case [CHS]) and their providers are Federal employees for the purposes of medical malpractices." (CHS Letter at 1.)

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Defendant's Motion to Dismiss for lack of subject matter jurisdiction, DISMISSES the Complaint WITH LEAVE TO AMEND, and VACATES the August 10, 2015 hearing.  Plaintiff shall file an amended complaint, if any, by **August 14, 2014**.  If Plaintiff elects to file an amended complaint, the Court shall construe that complaint as a newly instituted action under the FTCA.

**IT IS SO ORDERED.**